## SHORT *v.* LAWSON.

Opinion delivered October 3, 1927.

ABATEMENT AND REVIVAL—FORMER SUIT PENDING.—Where defendant in a suit in a justice court attempted to file as a defense a claim against plaintiff, and was denied leave to do so by the justice, who advised that he would have to bring a separate suit, and where plaintiff on the same day instituted suit on its claim, *held* his right to maintain such suit would not be denied because of the pendency of the other action.

Appeal from Fulton Circuit Court; *John C. Ashley,* Judge; affirmed.

*Goodwin & Humphries,* for appellant.

*Shelby C. Ferguson,* for appellee.

MEHAFFY, J.　J. D. Lawson filed suit upon an account in the justice of the peace court in Fulton County against M. L. Short for $26.25. Judgment was entered in favor of the plaintiff, and defendant appealed to the circuit court. In the circuit court the defendant filed the following plea:

"Comes the defendant, M. L. Short, and moves the court to dismiss plaintiff's cause of action, and for reason states: That there was pending before John P. Smith, Esquire, an action by the defendant, M. L. Short, against the plaintiff, Jewell Lawson, on the............day of .............................192..........., in which the plaintiff in that action, M. L. Short, was seeking to recover from the plaintiff herein an amount which the said M. L. Short claimed was due him by the said Jewell Lawson; and that in said action the said Jewell Lawson presented the claim herein sued on, and the same was by the court disallowed, and the defendant in this action pleads *res judicata* to the cause of action sued on in this case, and therefore asks that this court dismiss the plaintiff's cause of action in this case, and that he have judgment for cost, and all other relief."

The following testimony was then introduced:·

John P. Smith testified that he is a justice of the peace and was at the time of the trial of the case of Short *v.* Lawson, referred to in the motion now before

the court. Had been a justice of the peace for eight or
ten years. That M. L. Short filed suit against Lawson,
suing out an attachment claiming a landlord's lien. The
record shows that he sued on a note, and they paid it
off after judgment. The witness here read the judgment,
which showed the filing of the suit and the issuing sum-
mons, and the appearance of the parties and satisfaction
of the judgment. Lawson appeared in court, and had an
account of $26.25 that he wanted to file, and, when handed
the paper in court, he said he thought that was the paper.
Witness further testified that he did not allow him to file
it. He waited until the case was called, and witness
could not find any law to let him file it, and he just did
not let him file it. He would not allow it, and defendant
confessed the note and that he owed it, and witness
wrote up the judgment for the amount of the note. He
never did file the paper. "He presented it to me and
asked me to allow it, and after that he filed a suit on
this claim against Mr. Short. The trial was on the 30th
day of January, and on the 29th day he filed this suit
before me for his cause of action for $26.25." The suit
was filed on the same day as the trial. Witness refused
to let him file it in the suit brought by Short, and he filed
the same paper that is in litigation now. Witness told
Lawson that he could not find any law to allow it, and
told him he thought he would just have to sue on it.

The defendants in the suit brought by Short were
J. D. Lawson, J. P. Lawson and W. P. Lawson, and were
all served. Lawson filed a suit in witness' court on the
same day the other case was tried.

The court, after the above testimony, reserved its
rulings after hearing the case, and then the following
testimony was introduced:

J. D. Lawson testified, in substance, that he rented
land from Short, and that he had an account against
Short for $26.25. That he rented land from Short, but
did not remember the exact date. Witness told Short
he would rent the land if he would clear it up or pay
witness to clear it up, and he rented it, and Short started
in to clearing it up, but did not do much, and witness

cleared it up himself. The amount charged for the work was reasonable. Witness paid the rent, or left it in the field for Short. The amount defendant now owes witness is $26.25.

There was other testimony introduced by the plaintiff, but it is unnecessary to set it out, because the only question here is whether appellee had a right to maintain this suit, not having filed it as a set-off or counterclaim to the suit brought by Short.

Short himself testified that he never promised to pay Lawson anything. That Lawson was to clean up the land and Short was to let his boy burn it off. That Short was not to pay him anything for cleaning up the land. Witness stated that this land had been lying out five and six or seven and eight years.

Joe Short, the son of M. L. Short, also testified, corroborating the statements of his father, and there were some other witnesses testifying with reference to the work claimed to have been done by Lawson.

We deem it unnecessary to set out any more testimony, because, as we have said, the only question in the case, as argued by appellant, is whether or not Lawson can maintain this suit when there was a suit pending before the justice of the peace court by Short against Lawson. It is true that a defendant should interpose all the defenses, legal or equitable, which he has. And this is not only true under the statute but it should be done anyhow, so that all controversies between the parties that could be settled in one suit might be so settled. But in this case the suit was pending before a justice of the peace, and his idea of the law was that Lawson could not file this claim in that suit and prohibited him from filing it as a defense. Lawson did everything he could do. He offered to file the account. Was claiming that Short owed him this amount, and actually brought suit on the same day, upon the advice of the justice of the peace that he would have to bring an independent suit.

Under the circumstances it would be unjust to hold that he was barred, and the law certainly does not require any holding in this case that would deprive the

appellee of his right to have this claim passed on, when he did all that could be done at the time to interpose it as a defense or counterclaim in the same suit, but was not permitted by the justice of the peace to do it, but, on the contrary, was advised that he would have to bring a separate suit. It is certainly not the intention of the statute or any other law to deprive one of his rights under the circumstances existing in this case. The case was submitted to a jury under proper instructions, and the jury returned a verdict for the plaintiff, and the judgment of the circuit court will therefore be affirmed.